IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kenneth L. Moody,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:15cv194 (TSE/MSN) |
| | )<br>) |
| Dr. Luther L. Wright, Jr., et al.,<br>    Defendants. | )<br>) |

MEMORANDUM OPINION

Kenneth L. Moody, who is confined at the Virginia Center for Behavioral Rehabilitation ("VCBR") and is proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. §1983, alleging claims concerning his medical care at that facility. Plaintiff has applied to proceed in forma pauperis in the lawsuit. Following review of the initial complaint, deficiencies in it were explained to plaintiff, and he was allowed an opportunity to file a particularized and amended complaint. Upon receipt, review of the amended complaint revealed that it was not signed. In deference to plaintiff's pro se status, he was supplied with a copy of the unsigned amended complaint and was directed to resubmit it including his original signature, in compliance with Fed. R. Civ. P. 11(a). Plaintiff complied with those instructions. After careful review of the properly-signed amended complaint, the claims must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

# I.

Plaintiff alleges in the amended complaint that although his neck and back were causing him "constant pain," Dr. Luther L. Wright, Jr. "deliberately disregarded [plaintiff's] request for an open MRI" and diagnosed him as malingering and suffering from pathological anxiety. Am. Compl., Dkt. No. 10 at unnumbered p. 1. Plaintiff "kept complaining about [his] neck and back pain accompanied by numbness in [his] arms, legs and feet," and on March 12, 2012, Dr. Wright told him that he would have to pay for his own open MRI, even though plaintiff was unemployed and indigent. Id. The matter was investigated by VCBR and the investigator concluded that the "allegations of neglect [were] unsubstantiated" and that "based on medical peer review ... VCBR medical department conducted accurate testing to a certain [sic] the source of pain ... there is no indication that an MRI is warranted and in fact the MRI may place the resident's health at risk." Id. Nonetheless, plaintiff asserts that Dr. Wright's deliberate indifference to plaintiff's condition "exacerbated [his] lower neck and back pain," and he argues that his position was validated when Dr. Wright's successor as VCBR physician sent plaintiff to an outside orthopedist who performed an open MRI on plaintiff's back and diagnosed a herniated disc and arthritis. Id. Plaintiff repeats these same factual allegations against Joy Price, a nurse practitioner at VCBR, and he contends that Kimberly Runion, the former Director of VCBR, subjected him to cruel and unusual punishment by "allow[ing] Dr. Wright and Ms. Price to refuse sending me for an open

---

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

MRI" and concurring that plaintiff "had a malingering problem of fabricating and exaggerating [his] pain." Id. at unnumbered pp. 2-3.

Plaintiff also includes claims against Tammy Coldiron, VCBR's medical appointments coordinator, and Hope Dowler, the assistant medical appointments coordinator, for making "repeated errors ... with setting up [his] doctors' appointments" for back and neck pain at outside medical facilities. Plaintiff alleges that he received a letter from the incumbent VCBR director dated November 13, 2014 stating that an investigative report had supported findings of neglect and finding that staff errors had contributed to his missing appoints for his back pain. Plaintiff asserts that this violated his rights under the Eighth Amendment, and that while the letter offered apologies for any discomfort he may have been caused, "nothing was said to compensate for [his] pain and suffering and punitive damages." Id. at unnumbered pp. 5-6. Plaintiff further contends that Pamela Duggins, the Director of Nursing at VCBR, subjected him to cruel and unusual punishment by ignoring "all of [his] many complaints" and failing to correct the errors made by Coldiron and Dowler. Id. at unnumbered p. 4.

The named defendants are Dr. Wright, Nurse Price, Director Runion, Nurse Duggins, Ms. Coldiron and Ms. Dowler, and as relief plaintiff seeks an award of $350,000 in monetary damages from each defendant. Id., §V.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

3

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

A. Claim Against Dr. Wright, Nurse Price and Director Runion

Plaintiff's allegations that Dr. Wright, Nurse Price and Director Runion violated his constitutional rights by denying his request for an open MRI of his back and neck state no claim for which relief can be granted, for two reasons. First, plaintiff's claim against these defendants is time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See

Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)).

While the limitations period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). A cause of action accrues under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). Here, plaintiff alleges that Dr. Wright and Nurse Price denied his request for an open MRI and stated that he would have to pay for such a test himself on March 12, 2012. Am. Compl. at unnumbered pp. 1 - 2. Director Runion allegedly authorized the decision made by Wright and Price on April 14, 2012. Id. at unnumbered p. 3. Thus, by those dates plaintiff admittedly was aware of the harm these defendants allegedly had caused him, but the complaint in this action was filed at the earliest on January 21, 2015,[2] well over two years later. Accordingly, plaintiff's claim against these

---

[2] A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). The complaint in this case was executed on January 21, 2015, Dkt. No. 1 at 7, and in the absence of evidence to the contrary the Court assumes that it was placed in the prison mailing system that same day. The Court received the petition on February 4, 2015. Id. at 1.

5

defendants was filed outside the applicable limitations period, and is subject to dismissal on that basis pursuant to § 1915A for failure to state a claim.

Second, even if plaintiff's claim against defendants Wright, Price and Runion had been filed timely, it still would state no basis for which § 1983 relief is available. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Important here, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, taking all of plaintiff's allegations as true, he fails to state an actionable Eighth

Amendment claim for the denial of medical care. At its essence, plaintiff's claim amounts to no more than a disagreement between himself and Dr. Wright as to whether an open MRI of his back and neck was medically advisable, and such a difference of opinion as a matter of law will not support a claim of deliberate indifference. Wright, 766 F.2d at 849. To the extent that plaintiff implicitly argues that his position was validated when a physician who succeeded Dr. Wright at VCBR sent plaintiff to an outside facility where an MRI revealed a herniated disk, his position lacks merit, because it is settled that "an incorrect diagnosis is not deliberate indifference." Smith v. Asghar, 114 Fed. App'x 222, 224 (7th Cir. 2004), citing Steele v. Choi, 82 F.3d 175, 178 (7th Cir. 1996). If Dr. Wright did mistakenly conclude that an open MRI was not advisable, such an error would amount at worst to negligence, and even treatment that is sufficiently negligent to amount to medical malpractice does not amount to deliberate indifference. Estelle, 429 U.S. at 106. To the extent that plaintiff seeks to hold Director Runion liable on the basis of her supervisory position, his claim fails, because in the absence of unconstitutional conduct by Dr. Wright and Nurse Price, Runion can have had no "actual or constructive knowledge that [her] subordinate[s] w[ere] engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury" to the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). Accordingly, even if plaintiff's claim against defendants Wright, Price and Runion were not time-barred, it still would fail on the merits, and plaintiff states no claim against these defendants for which § 1983 relief is available.

    B. Claim Against Coldiron, Dowler, and Duggins

Plaintiff also includes claims against Tammy Coldiron, VCBR's medical appointments coordinator, and Hope Dowler, the assistant medical appointments coordinator, for making

"repeated errors ... with setting up [his] doctors' appointments" for back and neck pain at outside medical facilities. Plaintiff alleges that he received a letter from the incumbent VCBR director dated November 13, 2014 stating that an investigative report had supported findings of neglect and finding that staff errors had contributed to his missing appoints for his back pain. Plaintiff asserts that this violated his rights under the Eighth Amendment, and that while the letter offered apologies for any discomfort he may have been caused, "nothing was said to compensate for [his] pain and suffering and punitive damages." Id. at unnumbered pp. 5-6. Plaintiff further contends that Pamela Duggins, the Director of Nursing at VCBR, subjected him to cruel and unusual punishment by ignoring "all of [his] many complaints" and failing to correct the scheduling errors made by Coldiron and Dowler. Id. at unnumbered p. 4.

Taking his allegations as true, plaintiff fails to state a claim of deliberate indifference against Coldiron and Dowler. In this circuit, "a medical treatment claim cannot be brought against non-medical personnel unless they were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct." Lewis v. Anemone, 926 F.Supp. 69, 73 (W.D. Va. 1996), citing Miltier, 896 F.2d 848; accord, Boblett v. Angelone, 957 F.Supp. 808, 813 (W.D. Va. 1997). No such circumstances have been alleged here. Plaintiff states that these defendants made "repeated errors ... with setting up [his] doctors' appointments" and that an investigative report had found instances of "neglect," but he does not contend that they acted deliberately to interfere with his treatment by outside physicians. Accordingly, if plaintiff were able to prove his allegations against Coldiron and Dowler, their conduct at worst amounted to negligence, and no claim of deliberate indifference will lie. And again, as with Director Runion, plaintiff's claim

8

against Nursing Director Duggins that she failed properly to supervise Coldiron and Dowler fails in the absence of unconstitutional conduct by her subordinates. Shaw, 13 F.3d at 798.

## IV. Conclusion

For the foregoing reasons, plaintiff's claims against all defendants must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order and judgment shall issue.

Entered this 7th day of June 2017.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge